UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWARD THOMAS JAMES,

        Petitioner,

v.                                                      Case No:  6:18-cv-993-Orl-40KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

        Respondents.
_____/

**ORDER APPOINTING COUNSEL**

Petitioner Edward Thomas James ("Petitioner"), a death-sentenced prisoner in the State of Florida, initiated this action through the Federal Public Defender Office for the Northern District of Florida by filing a motion for appointment of counsel (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 2). Respondents oppose the motion (Doc. 8). The records before this Court demonstrate that Petitioner is entitled to proceed *in forma pauperis*. In addition, the Capital Habeas Unit ("CHU") for the Federal Public Defender's Office for the Northern District of Florida is appointed as counsel under 18 U.S.C. § 3599(a)(2) to the extent set forth in this Order.

        **I.**        **Background**

On April 5, 1995, Petitioner pled guilty to two counts of first degree murder, one count of aggravated child abuse, one count of attempted sexual battery, one count of grand theft, and one count of grand theft of an automobile for events that occurred on September 19, 1993. *James v. State*, 695 So. 2d 1229, 1230 (Fla. 1997). Petitioner was also

charged separately with two counts of capital sexual battery, and Petitioner entered pleas of no contest to those counts. *Id.* On August 18, 1995, the trial court sentenced Petitioner to death for both murder counts. *Id.* at 1233. The Supreme Court of Florida affirmed Petitioner's convictions and sentences. *Id.* at 1230-38.

Subsequent to Petitioner's direct appeal, the Capital Collateral Regional Counsel—Middle Office ("CCRC-M") was appointed to represent him in his post-conviction proceedings. *James v. State*, 974 So. 2d 365 (Fla. 2008). Prior to the conclusion of those proceedings, Petitioner filed a *pro se* motion to voluntarily dismiss the proceedings. *Id.* at 366. The trial court held a hearing, after which it found that Petitioner was competent and issued an order discharging counsel and dismissing the proceedings. *Id.* Petitioner was advised that he had the right to appeal and that the time for filing a federal habeas petition could be affected by the dismissal of the post-conviction proceedings. *Id.* However, no appeal was filed. *Id.* Petitioner later contacted CCRC-M in November 2005, and CCRC-M filed a motion to reinstate the post-conviction proceedings, which was denied. *Id.* Petitioner filed a letter to the Supreme Court of Florida, and the court treated the letter as a notice of appeal from the order denying reinstatement of the post-conviction proceedings. *Id.* at 366-67. The Supreme Court of Florida ultimately held that the trial court's order finding Petitioner was competent to waive collateral counsel and dismissing the post-conviction proceedings was not an abuse of discretion. *Id.* at 367-68. Petitioner has been unrepresented since that time.

## II.     Pleadings

In the motion for the appointment of counsel, Federal Public Defender Billy H. Nolas asserts that appointment of the CHU of the Office of the Federal Public Defender for the Northern District of Florida is proper under 18 U.S.C. § 3599, "so that the CHU may ascertain the status of Mr. James' federal habeas rights and pursue federal remedies that might be available." (Doc. 1 at 1). Nolas asserts that the CHU was established by the Administrative Office of the United States Courts, in concurrence with the Chief Judge of the Court of Appeals for the Eleventh Circuit and the Chief Judge of the Northern District "to help ensure that death-sentenced Florida prisoners receive competent and meaningful federal habeas representation." (*Id.* at 3). He states that the CHU has obtained approval from the Administrative Office of the United States Courts and Defender Services Offices for an appointment in Russ's case, and that "[t]his appointment comes at no direct cost to this District Court." (*Id.* at 4-5).

Nolas asserts that he consulted with CCRC-M regarding this appointment, but he does not apprise the Court of CCRC-M's response (Doc. 1 at 5). Nolas also asserts that Petitioner wishes to have the CHU appointed as his federal habeas counsel and that he authorized the filing of this motion (*Id.*).

Respondents filed a response in opposition to the motion to appoint the federal public defender (Doc. 8). Respondents argue that Petitioner is not entitled to CHU representation after waiving all post-conviction proceedings and discharging post-conviction counsel (*Id.* at 3). Respondents explain that Florida provides post-conviction counsel to all capital defendants by statute and that "the U.S. Supreme Court has

3

emphasized that § 3599 'provides for counsel only when a state petitioner is unable to obtain adequate representation.'" (*Id.* at 4) (quoting *Harbison v. Bell*, 556 U.S. 180, 189 (2009)). Finally, Respondents urge that the appointment of the CHU would be futile because "any claims Petitioner could bring are now procedurally barred or untimely." (*Id.* at 4-5).

In reply, Nolas contends that appointment under 18 U.S.C. § 3599 is required as a matter of right; that Respondents have no standing to oppose the appointment; and that the CHU has never been denied appointment in similarly postured cases (Doc. 11).

### III.   Analysis

Title 18 U.S.C. § 3599 provides in pertinent part:

> In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys[.]

§ 3599(a)(2). The Eleventh Circuit has interpreted § 3599(a)(2) to mandate that any indigent state inmate seeking to challenge his death sentence in federal court "is statutorily entitled to the appointment of counsel 'in any post conviction proceeding under section 2254.'" *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 944 (11th Cir. 2014) (quoting 18 U.S.C. § 3599(a)). Moreover, because the inmate is entitled to "legal assistance in the preparation of a habeas corpus application," he would also be entitled to the appointment of counsel, "prior to the filing of a formal, legally sufficient habeas corpus petition." *McFarland v. Scott*, 512 U.S. 849, 855 (1994).

As noted, Respondents oppose the appointment of counsel on the grounds that any claims Petitioner could now bring are procedurally barred or untimely. Indeed, notwithstanding that "a substantive merits assessment of [an actual or proposed § 2254 petition] is irrelevant to the appoint of counsel under § 3599," district courts are "not [precluded] from considering whether a proposed petition would clearly be barred for a reason unrelated to the merits of any substantive claim for relief, such as a statute-of-limitations bar." *Chavez*, 742 F.3d at 946 (first alteration in original) (citing and quoting *Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996)). In other words, "[a] district court is not required to appoint new counsel to pursue wholly futile claims that are conclusively time barred or could not form the basis for federal habeas relief." *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1259 (11th Cir. 2014); *see also In re Hearn,* 376 F.3d 447, 455 (5th Cir. 2004) ("[P]otential procedural bars may be so conclusive that the right to counsel under [§ 3599] becomes unavailable."); *Cantu–Tzin v. Johnson*, 162 F.3d 295, 298 (5th Cir. 1998) ( "Appointment of counsel for a capital-convicted defendant would be a futile gesture if the petitioner is time-barred from seeking federal habeas relief.").

It is undisputed that Petitioner waived his right to state post-conviction review of his conviction and sentence and may have potentially rendered any 28 U.S.C. § 2254 claims both unexhausted and untimely. However, unlike the petitioners in *Chavez* and *Lambrix*, Petitioner has not yet filed a federal habeas petition. Therefore, he has had no federal review of any potential claims. Moreover, he did not expressly waive the appointment of counsel in federal court under § 3599. Petitioner should have a chance to argue that his one-year period for filing a federal habeas petition should be equitably

5

tolled under *Holland v. Florida*, 560 U.S. 631 (2010), or that he is entitled to a later start date of the AEDPA limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D). Accordingly, while Respondents' arguments are well-reasoned, they are premature. Respondents may oppose a petition or request for relief when it is filed.

The Court finds that Petitioner qualifies under 18 U.S.C. § 3599(a)(2) for the appointment of counsel for the purpose of filing a federal 28 U.S.C. § 2254 habeas petition. Considering the representations made in the motion for appointment of counsel (Doc. 1), the Court further finds that the CHU is qualified to represent Petitioner in this matter.

ACCORDINGLY, it is hereby **ORDERED** and **ADJUDGED**:

1. Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

2. The motion for appointment of counsel (Doc. 1) is **GRANTED** to the extent set forth in this Order.

3. The Court appoints the Capital Habeas Unit for the Federal Public Defender for the Northern District of Florida to represent Russ for the sole purpose of pursuing a 28 U.S.C. § 2254 petition. 18 U.S.C. § 3599(a)(2). The attorney from the CHU who is assigned to this case shall enter a notice of appearance within five days.

4. Within **NINETY (90) DAYS**, Counsel shall review Petitioner's state-court file and, if appropriate, file both a 28 U.S.C. § 2254 petition setting forth the bases of the

federal habeas claims[1] and a memorandum of law discussing why the petition should not be summarily dismissed as time-barred, unexhausted, or both.

5. Respondents are directed to disclose to Petitioner or his attorney on request, any record in the Department of Correction's or the State's custody or control relating to Petitioner, including sealed documents, disciplinary records, Department of Corrections records, mental-health records, or other documents relating to his state criminal case.

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-3 8/10

---

[1] The Court recognizes that ninety days may be insufficient to file a detailed § 2254 petition in a death penalty case. However, it is sufficient time for Counsel to review the records, determine whether Petitioner can present any meritorious claims, and file a bare-bones petition setting forth the substance of the claims. Should the Court conclude that Petitioner's § 2254 petition is not procedurally barred or untimely, Counsel may, at that time, move for leave to amend the petition to more completely set forth the claims.